UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                         :
MARC ALLEN ABDALLAH JR.,           :
                                                         :
                Plaintiff,                    :
                                                         :                         12 Civ. 8840 (JPO)
                  -v-                                 :
                                                         :                        OPINION AND ORDER
OFFICER RAGNER;                        :
OFFICER RUZEWSKI,                 :
                                                         :
                Defendants.               :
                                                         :
------------------------------------------------------X

J. PAUL OETKEN, District Judge:

        Plaintiff Marc Allen Abdallah, Jr. brings this action *pro* se under 42 U.S.C. § 1983 against the State of New York, the Department of Corrections and Community Supervision, and Corrections Officers Ragner and Ruzewski. Abdallah alleges that Officers Ragner and Ruzewski assaulted him while he was a prisoner at Fishkill Correctional Facility. Before directing the Clerk of Court to issue a summons in this action, the Court dismissed the Abdallah's claims against the State of New York and the Department of Corrections and Community Supervision *sua sponte*. Officers Ragner and Ruzewski ("Defendants") now move to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

## BACKGROUND

        The Court accepts the following allegations as true for the purposes of this motion. On October 3, 2012, Abdallah was a prisoner at Fishkill Correctional Facility. Defendants entered Abdallah's cell, and Officer Ruzewski tackled him onto his bunk. Abdallah landed on his chest, and Officer Ruzewski jumped on top of him, punching him in the back and on the back of his

head.  Officer Ragner held Abdallah's left leg and punched him in his lower back and upper legs.  One of the officers punched Abdallah in the face, but Abdallah is not sure which officer it was.

Abdallah filed a grievance about this incident.  He does not know if the grievance procedure at Fishkill Correctional Facility covers claims about assaults by prison staff.  Abdallah never received a response to his grievance, and he alleges that his "grievances were never heard."

Defendants have moved to dismiss the complaint for failure to state a claim.  They argue that this action must be dismissed for failure to exhaust prison administrative remedies as required by the Prison Litigation Reform Act.  In the alternative, Defendants move to dismiss Abdallah's official-capacity claims as barred by the Eleventh Amendment.  Abdallah has not filed an opposition.

## DISCUSSION

### I.    Pleading Standard

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint states a claim if it makes a short, plain statement of a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To determine whether a claim is plausible, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Id.*  In a case brought by a *pro se* plaintiff, the court must consider the complaint to raise the strongest arguments suggested by the facts alleged.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  Generous interpretation of *pro se* submissions is especially important in civil rights cases.  *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).  But the court need not

accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the defendants acted unlawfully. *Id.* at 679.

## II. Application

### A. Dismissal for Nonexhaustion

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies before he may bring an action under federal law with respect to prison conditions. *See* 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To satisfy the PLRA, a prisoner must pursue his grievance through all steps in the prison administrative process, complying with all procedural rules so that the relevant agency addresses his grievance on the merits. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense. *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009) (*per curiam*) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Like other affirmative defenses, failure to exhaust is a ground for dismissal under Rule 12(b)(6) if the allegations in the complaint suffice to establish that the defense is applicable. *Jones*, 549 U.S. at 215.

The Department of Corrections and Community Supervision provides an administrative remedy for many prisoners' claims. The remedy is a grievance system available to prisoners in custody at state prisons, such as Fishkill Correctional Facility. *See* 7 N.Y.C.R.R. § 701.1(c) (extending the grievance program to "any inmate"). The system allows a prisoner to file a

grievance about any issue that affects the prisoner personally and "for which there is no avenue for redress or correction." *Id.* This definition appears to include the use of excessive force by corrections officers, because there is a special section of the program devoted to harassment by prison employees. 7 N.Y.C.R.R. § 701.8; *see Morrison v. Stefaniak*, 523 Fed. App'x 51, 52 (2d Cir. 2013) (noting in dicta that § 701.8 applied to prisoner's claim that he was assaulted by corrections officers). To file a grievance about an assault by a corrections officer, a prisoner must file the grievance within 21 days of the date on which the officer used force against him. § 701.8(a) (referencing 7 N.Y.C.R.R. § 701.5(a)(1)). Documents in support of the grievance must be forwarded to the prison superintendent by the close of business on the same day. § 701.8(b). The superintendent must promptly determine whether the facts alleged in the grievance, if true, would constitute harassment, defined as "employee misconduct meant to annoy, intimidate or harm an inmate." § 701.8(c) (referencing 7 N.Y.C.R.R. § 701.2). If so, the superintendent must retain the grievance and investigate; if not, the grievance is returned to the first level of review to proceed in the normal course. § 701.8(c), (d). For harassment grievances retained by the superintendant, the superintendent has 25 days to render a written decision. § 701.8(f). If the superintendent fails to make a decision within those 25 days, the prisoner may file an appeal by filing a "notice of decision to appeal." § 701.8(g). For grievances that proceed in the normal course, however, a prisoner cannot file an appeal from the first level of review until he receives a written decision.[1] § 701.5(c)(1).

---

[1] Defendants have argued that the PLRA requires a prisoner to appeal a lack of decision at each stage of administrative review, citing a decision of this Court that interprets the grievance program for jails operated by the New York City Department of Correction. *Martinez v. Kellog*, No. 11 Civ. 9427 (JPO), 2012 WL 4040031 (S.D.N.Y. Sept. 12, 2012). That grievance program permits prisoners to appeal in the absence of a written decision. Section 701.5(c)(1) does not.

Abdallah has alleged that Defendants used force against him unnecessarily.  He alleges that he filed a grievance about this assault, but did not file an appeal because he did not receive a response to his grievance.

It is not clear to the Court, and it could not have been clear to Abdallah, whether Abdallah was entitled to file an appeal in the absence of a prompt decision about his grievance. To begin with, Abdallah would not be entitled to appeal from a lack of response if prison officials failed to forward his grievance directly to the superintendent in the first instance.  *Cf. Morrison*, 523 Fed. App'x at 52 (noting, in dicta, potential issue that prison staff failed to follow the procedure for harassment grievances).  If prison officials failed to follow this special procedure for harassment grievances, Abdallah's grievance would have been subject to normal review under § 701.5, which does not permit prisoners to file an appeal in the absence of a written decision.  This ambiguity alone makes it unclear whether Abdallah actually failed to exhaust his administrative remedies by failing to appeal the lack of a response to his grievance.

Furthermore, even if prison officials did follow the special procedure by promptly forwarding Abdallah's grievance to the superintendent, it is not clear how Abdallah would know whether to appeal a lack of decision within 25 days.  There is no codified procedure for notifying the complaining party about the superintendent's decision to retain the grievance for investigation (requiring an appeal in the absence of a prompt written decision) or remand the grievance to the first level of review (forbidding an appeal in the absence of a written decision).

And even assuming (without deciding) that the PLRA required Abdallah to appeal a nondecision, just in case the superintendant had retained his grievance for investigation, dismissal for nonexhaustion is still inappropriate in this case.  When a plaintiff has not complied with the PLRA's exhaustion requirement, the district court must apply a three-part test to

5

determine whether to excuse his noncompliance. *Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) (citing *Hemphill v. New York*, 380 F.3d 680, 686–91 (2d Cir. 2004)). The court must consider (1) whether administrative remedies were available to the plaintiff; (2) whether the defendants are estopped from raising an exhaustion defense, either because they failed to preserve the defense, or because they inhibited the plaintiff's exhaustion; and (3) whether special circumstances excuse the failure to exhaust. *Id.* (citing *Hemphill*, 380 F.3d at 686–91).[2]

An administrative remedy is not "available" for purposes of the PLRA if prisoners are not informed that the remedy exists. *Walker v. Vargas*, No. 11 Civ. 9034 (ER), 2013 WL 4792765, at *5 (S.D.N.Y. Aug. 26, 2013) (defendants failed to demonstrate that plaintiff knew about the grievance program); *Walker v. Shaw*, No. 08 Civ. 10043 (CM), 2010 WL 2541711, at *14 (S.D.N.Y. June 23, 2010) (plaintiff was not told about procedure for appealing grievances); *Bush v. Horn*, No. 07 Civ. 3231 (RJS) (FM), 2010 WL 1712024, at *3–4 (S.D.N.Y. Mar. 2, 2010) (plaintiff did not receive a grievance procedures manual; treating this as a "special circumstance"); *cf. Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006) (noting in dicta that exhaustion requirement would be excused if prison did not distribute grievance

---

[2] The Second Circuit has noted that parts (2) and (3) of the *Hemphill* test, estoppel and special circumstances, may have been abrogated by *Woodford v. Ngo*, a subsequent Supreme Court decision holding that the Prison Litigation Reform Act "demands compliance with an agency's deadlines and other critical procedural rules." 548 U.S. at 90; *Amador*, 655 F.3d at 102 (noting, without deciding, the potential conflict). This Court has previously held that *Woodford* did not have any effect on the *Hemphill* test. *Stevens v. City of New York*, No. 12 Civ. 1918 (JPO), 2012 WL 4948051, at *5–6 (S.D.N.Y. Oct. 11, 2012). At any rate, there is no question about the continued viability of part (1) of the *Hemphill* test, which considers the actual availability of administrative remedies. *Johnston v. Maha*, 460 Fed. App'x 11, 15 n.6 (2d Cir. 2012) ("Although [*Woodford*] requires that prisoners 'properly' exhaust the available remedies under the PLRA, it certainly does not abrogate the unavailability defense to nonexhaustion."). Because part (1) of the *Hemphill* test determines the outcome of this motion, this opinion need not address parts (2) and (3).

handbook and prisoner "was unaware of the grievance procedures contained within it or [] he did not understand those procedures").

The complaint suggests that prison officials did not notify Abdallah about the scope of the grievance process or the procedure for filing and appealing a grievance. Abdallah alleges that he does not know whether the grievance process covered his claims. He also alleges that he did not appeal his grievance because he never received a decision denying the grievance. If Abdallah's grievance was retained by the superintendent for investigation, Abdallah was under the false (though reasonable) impression that he could not file an appeal if there was no decision to appeal from. How did Abdallah come to have this impression? One possibility is that the officials at Fishkill never told Abdallah about this bizarre appellate procedure. Because the complaint allows for this possibility, the complaint does not conclusively establish that this action should be dismissed for failure to exhaust. Dismissal for nonexhaustion is not proper at this stage. *Accord Walker v. Vargas*, 2013 WL 4792765, at *5 (plaintiff appeared to misunderstand the scope of the grievance process); *Patterson v. City of New York*, No. 11 Civ. 7976 (DLC), 2012 WL 3264354, at *1, *3 (S.D.N.Y. Aug. 9, 2012) (plaintiff alleged that he had "done all that [he] can with the grievance process"); *Roland v. Wenz*, No. 10 Civ. 0089, 2010 WL 2834828, at *4–5 (N.D.N.Y. May 24, 2010) (plaintiff incorrectly alleged that his prison did not have a grievance process) (quoting *Torrence v. Pesanti*, 239 F. Supp. 2d 230, 231–33 (D. Conn. 2003) (denying motion to dismiss where failure to exhaust was "not unambiguously established")).

  **B.** **Claims Against Defendants in Their Individual Capacities**

Defendants have moved to dismiss Abdallah's official capacity claims on Eleventh Amendment grounds. The Eleventh Amendment generally bars suits against state governments,

7

and normally, this protection extends to officers acting in their official capacities on behalf of a state.  *Huang v. Johnson*, 251 F.3d 65, 69–70 (2d Cir. 2001) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101–02 (1984)).  Defendants argue that Abdallah raises official capacity claims because his allegations are "based solely on [Defendants'] positions as officials of DOCCS."

This argument is baffling.  It could not even be dismissed as lack of attention to detail.  Abdallah's allegations are short and straightforward:  that Defendants assaulted him without provocation.  This is a claim against Defendants in their individual capacities.  The motion to dismiss Abdallah's claims on Eleventh Amendment grounds is denied.

### III.     Duty to Maintain Current Address of Record

Abdallah's current address of record is Collins Correctional Facility; however, the New York State prisoner lookup website does not list Abdallah in custody at that prison or any other New York State prison.  Abdallah failed to file an opposition to Defendants' motion to dismiss, and he has not submitted any other filings in this case since March 5, 2013.  It appears that Abdallah has failed to maintain a current address of record.  A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.  *Fields v. Beem*, No. 13 Civ. 0005, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases).  Without a current address of record, it is impossible for the Court to communicate with Abdallah.  Abdallah must update his address of record within thirty days of the date of this order.  If Abdallah does not contact the Court and update his address within the time allowed, this action will be dismissed for failure to prosecute.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. If Abdallah fails to update his address of record within thirty days, this action will be dismissed for failure to prosecute.

SO ORDERED.

Dated: November 22, 2013
      New York, New York

_____
J. PAUL OETKEN
United States District Judge